COLUMBUS BAR ASSOCIATION *v.* CONNORS.

[Cite as *Columbus Bar Assn. v. Connors* (1995), 71 Ohio St.3d 1223.]

(No. 89–355—Submitted March 7, 1995—Decided March 10, 1995.)

On April 11, 1990, this court suspended respondent, John J. Connors, Jr. (Attorney Registration No. 0031717, last known business address in Columbus, Ohio), for one year pursuant to former Gov.Bar R. V(7)(C) (now [6][B][3] ), and stayed the suspension on condition respondent satisfactorily serve a two-year monitored probation. See *Columbus Bar Assn. v. Connors* (1990), 50 Ohio St.3d 113, 552 N.E.2d 643. The court further ordered respondent to pay board costs in the amount of $669.20 on or before May 11, 1990. On June 15, 1990, respondent paid board costs in full. On April 17, 1992, respondent filed an application to terminate probation. On July 9, 1992, this court ordered that the probation of respondent would be terminated upon completion of the following conditions: (1) respondent pay in full his Continuing Legal Education sanction of $150; and (2) the Columbus Bar Association file with the Clerk of this court and the court receive a report of respondent's monitor stating that respondent had fully complied with the terms of his probation. The court further ordered that respondent's probation would not be terminated until all conditions set forth in its July 9, 1992 order were met and this court ordered respondent's probation terminated.

On October 21, 1994, a panel of the Board of Commissioners on Grievances and Discipline filed its Certified Report in this court in accordance with Gov.Bar R. V(9)(H), recommending that the probation of respondent, John J. Connors, Jr., be revoked and the original one-year suspension be imposed. On November 17, 1994, pursuant to Gov.Bar R. V(9)(I), this court revoked the probation of respondent and imposed the original one-year suspension, pending issuance of a final order. See *Columbus Bar Assn. v. Connors* (1994), 71 Ohio St.3d 1410, 641 N.E.2d 1108.

On October 26, 1994, pursuant to Gov.Bar R. V(9)(J), this court ordered respondent to show cause why the panel's Certified Report should not be confirmed by this court. On November 15, 1994, respondent filed objections to the panel's Certified Report, and on November 30, 1994, relator filed an answer brief. On consideration thereof,

IT IS ORDERED AND ADJUDGED by this court that pursuant to Gov.Bar R. V(9)(K), the court's order of November 17, 1994 is hereby confirmed, respondent's probation continues to be revoked, and the one-year suspension originally imposed against respondent continues to be in effect. It is further ordered that this entry shall not stay any further proceedings against respondent conducted by relator in accordance with Gov.Bar R. V.

IT IS FURTHER ORDERED that the respondent, John J. Connors, Jr., immediately cease and desist from the practice of law in any form and is hereby forbidden to appear on behalf of another before any court, judge, commission, board, administrative agency, or other public authority.

IT IS FURTHER ORDERED that respondent is hereby forbidden to counsel or advise or prepare legal instruments for others or in any manner perform such services.

IT IS FURTHER ORDERED that respondent is hereby divested of each, any and all of the rights, privileges and prerogatives customarily accorded to a member in good standing of the legal profession of Ohio.

IT IS FURTHER ORDERED that respondent surrender his certificate of admission to practice to the Clerk of this court on or before April 10, 1995, and that his name be stricken from the roll of attorneys maintained by this court.

IT IS FURTHER ORDERED that respondent be taxed the costs of the revocation of probation proceedings in this case in the amount of $1,387.51, which costs shall be payable to this court by certified check or money order on or before June 8, 1995. It is further ordered that if these costs are not paid in full on or before June 8, 1995, interest at the rate of ten percent per annum shall accrue as of June 8, 1995, on the balance of unpaid board costs. It is further ordered that respondent may not apply for reinstatement until such time as he pays his costs in full, including any accrued interest.

IT IS FURTHER ORDERED that, pursuant to Gov.Bar R. X(3)(F), respondent shall complete one credit hour of continuing legal education for each month, or portion of a month, of the suspension. As part of the total credit hours of continuing legal education required by Gov.Bar R. X(3)(F), respondent shall complete one credit hour of instruction related to ethics and professional responsibility, including instruction on substance abuse, for each six months, or portion of six months, of the suspension.

IT IS FURTHER ORDERED that respondent shall not be reinstated to the practice of law in Ohio until respondent complies with the requirements for reinstatement set forth in the Supreme Court Rules for the Government of the Bar and this court orders respondent reinstated.

IT IS FURTHER ORDERED that on or before April 10, 1995, respondent shall:

1. Notify all clients being represented in pending matters and any co-counsel of his suspension and his consequent disqualification to act as an attorney after the effective date of this order and, in the absence of co-counsel, also notify the clients to seek legal service elsewhere, calling attention to any urgency in seeking the substitution of another attorney in his place;

2. Regardless of any fees or expenses due respondent, deliver to all clients being represented in pending matters any papers or other property pertaining to the client, or notify the clients or co-counsel, if any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

3. Refund any part of any fees or expenses paid in advance that are unearned or not paid, and account for any trust money or property in the possession or control of respondent;

4. Notify opposing counsel in pending litigation or, in the absence of counsel, the adverse parties, of his disqualification to act as an attorney after the effective date of this order, and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

5. Send all notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

6. File with the Clerk of this court and the Disciplinary Counsel of the Supreme Court an affidavit showing compliance with this order and with the court's November 17, 1994 order entered in this case, showing proof of service of notices required herein, and setting forth the address where the affiant may receive communications; and

7. Retain and maintain a record of the various steps taken by respondent pursuant to this order.

IT IS FURTHER ORDERED that respondent shall keep the Clerk and the Disciplinary Counsel advised of any change of address where respondent may receive communications.

IT IS FURTHER ORDERED, *sua sponte,* that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

IT IS FURTHER ORDERED, *sua sponte,* that service of this order on respondent shall be deemed made by sending this order, and all other orders in

this case, by certified mail to the most recent business address respondent has given to the Attorney Registration Office.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.